1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
     LITIGATION                                      MDL No. 1827
9    _____/
10   This Order Relates To:                          No. C 11-3856 SI
11   SCHULTZE AGENCY SERVICES, LLC,                  **ORDER GRANTING DEFENDANTS'
                                                      JOINT MOTION TO DISMISS**
12                 Plaintiff,
13       v.
14   AU OPTRONICS CORPORATION, *et al.*,
15                 Defendants.
     _____/
16
17          Defendants have filed a joint motion to dismiss the complaint of Schultze Agency Services,
18   LLC, a bank bringing claims that originally belonged to Tweeter Home Entertainment Group
19   ("Tweeter"). The thrust of defendants' motion is that Tweeter's claim under the Massachusetts
20   Consumer Protection Act is untimely because it was filed more than four years after it accrued. *See*
21   Mass. Gen. L. Ch. 260 § 5A ("Actions arising on account of violations of any law intended for the
22   protection of consumers, including . . . chapter ninety-three A . . . shall be commenced only within four
23   years next after the cause of action accrues."). It is undisputed that Tweeter filed its complaint more
24   than four years after its causes of action began accruing; the sole dispute on this issue concerns
25   Tweeter's entitlement to tolling.
26          In its opposition brief, Tweeter complains, as its counsel has in previous filings, that defendants
27   will raise a number of new arguments on reply. *See*, *e.g.*, Opp'n at 3 ("Tweeter expects that Defendants
28   will raise these arguments for the first time in their reply . . . . These arguments . . . have been forfeited

. . . ."); *see also* Plaintiff Office Depot, Inc.'s Opposition to Defendants' Administrative Motion for Clarification, Master Docket No. 4643, at 2 (January 24, 2012) ("In their reply brief, Defendants argued for the first time in this LCD MDL that the early class complaints did not toll the statute of limitations if the named plaintiffs in those complaints were residents of states other than Florida and California, because those plaintiffs lacked standing."). While there is some merit to Tweeter's concern – it goes without saying that a party may not raise arguments for the first time in its reply brief – the problem is entirely of Tweeter's own making. Tweeter's FAC does not identify the specific basis for its claimed entitlement to tolling. Instead, the specifics are set out, for the first time, in its opposition brief. Thus, defendants' first opportunity to address Tweeter's arguments comes with their reply.

This process is neither efficient nor productive. Defendants cannot be expected to disprove every conceivable basis on which Tweeter might be entitled to tolling. Proceeding in this fashion has led to piecemeal presentation of the issues and a general lack of finality. One need look no further than Tweeter's opposition brief in this case to reach this conclusion; the brief takes issues with this Court's previous decisions based upon arguments that were not developed when they were originally presented to the Court. *See*, *e.g.*, Opp'n at 8 ("[T]he Court's decisions are: (a) inconsistent with *American Pipe*; (b) inconsistent with this Court's prior decisions in the LCD MDL, which have repeatedly held that the place of purchase—not a plaintiff's state of residency—determines whether a plaintiff can sue under a particular state's laws; (c) inconsistent with decisions reached by several other courts, which demonstrates that Tweeter reasonably relied on early class action complaints filed by non-Massachusetts residents as grounds for tolling; and (d) not supported by the authorities Defendants rely upon."); *see also id.* at 8 n.3 ("Notably, none of the plaintiffs in these cases had the opportunity to brief this issue, because the Defendants raised this issue for the first time in their reply briefs—as they will improperly do again here.").

The solution to this problem is not, as Tweeter argues, to disregard defendants' reply. Rather, plaintiffs in this MDL must plead with specificity the bases for their entitlement to tolling. *Cf. Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff. . . . That burden does not arise only after a motion to dismiss; rather, the plaintiff 'must plead with particularity the circumstances surrounding the concealment and state facts

showing his due diligence in trying to uncover the facts.'"). Going forward, plaintiffs may not rely on generalized allegations that they are entitled to tolling. Rather, they must specifically identify every basis they intend to rely on to establish tolling of the statutes of limitations, whether they are class-action lawsuits, enforcement actions brought by state Attorney Generals, or other matters.

Tweeter's FAC alleges only that "[t]he statutes of limitations relevant to Plaintiff's claims for both its direct and indirect purchases of price-fixed LCD Products have . . . been tolled as a result of the filing of class actions against Defendants and their co-conspirators." FAC at ¶274. This is plainly insufficient to provide defendants with any useful notice of the basis for Tweeter's claim of entitlement to class-action tolling. Accordingly, the Court GRANTS defendants' joint motion and DISMISSES Tweeter's FAC as untimely.[1] The hearing currently scheduled for February 24, 2012, is VACATED. Tweeter may file an amended complaint to address the matters discussed in this order **before March 16, 2012.** Docket Nos. 4522, 4855, 4856 in 07-1827; Docket Nos. 35, 54, 55 in 11-3856.

**IT IS SO ORDERED.**

Dated: February 23, 2012

SUSAN ILLSTON
United States District Judge

---

[1]Because it dismisses Tweeter's complaint on this ground, the Court DENIES the parties' stipulation to continue the hearing on this matter to April 27, 2012.