For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-3856 SI |
| SCHULTZE AGENCY SERVICES, LLC, | **ORDER DENYING NEC DEFENDANTS' MOTION TO DISMISS** |
| Plaintiff, | |
| v. | |
| AU OPTRONICS CORPORATION, *et al.*, | |
| Defendants. | |

Defendants NEC Corporation, NEC LCD Technologies, Ltd., NEC Electronics America, Inc., NEC Corporation of America, Inc., and NEC Display Solutions of America, Inc. (collectively, "NEC") have filed a motion to dismiss the first amended complaint of plaintiff Schultze Agency Services, LLC ("Tweeter"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for February 24, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES NEC's motion.

This Court has already determined that allegations substantially similar to those contained in Tweeter's complaint are sufficient to state a claim against the NEC entities. *See*, *e.g.*, Order Granting in Part NEC Defendants' Motion to Dismiss, Master Docket No. 4591 (January 18, 2012); Order Granting in Part Defendants' Motions to Dismiss, Master Docket No. 4601, at 6-7 (January 18, 2012). Tweeter's allegations against NEC are as detailed as the allegations the Court found sufficient in those

cases. *See*, *e.g.*, FAC at ¶¶136-139, 141. Accordingly, the Court finds Tweeter's allegations adequate to state a claim against NEC.

NEC argues that, to the extent plaintiff's allegations suggest it conspired to fix prices, they show at best a bilateral conspiracy. NEC claims that plaintiff's limited allegations do not establish that NEC joined "a worldwide conspiracy that lasted ten years from 1996 to 2006 and involved panels of every single size and format, in addition to finished products." Reply at 8. It contends that the only conspiracy it plausibly could have joined is a limited, bilateral conspiracy.

The Court does not agree. Unfortunately for NEC, this case involves a well-documented, industry-wide conspiracy. Given the specific, compelling allegations that such a broad conspiracy existed, Tweeter's minimal allegations of NEC's participation are sufficient to state a claim. None of the cases NEC relies on are to the contrary. Each of those cases involved inadequate allegations of the conspiracy itself, not one party's participation. *See*, *e.g.*, *In re Optical Disk Drive Antitrust Litig.*, 2011 WL 3894376, at *9 (N.D. Cal., August 3, 2011) (holding that allegations of isolated occurrences of bid rigging were "a far cry from establishing plausibility for a broad six year continuing agreement among all defendants"); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 254-57 (3rd Cir. 2010) ("[W]e conclude that the amended complaint lacks any allegation of an agreement among the Dealers themselves . . . ."); *In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 972 (N.D. Iowa 2011) (finding that isolated guilty pleas to charges of price-fixing could not support inference that a wider conspiracy existed); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, 2011 WL 7053807, at *27 (E.D.N.Y., Jan. 4, 2011) ("The Complaint is silent as to how, when, or where these sixty-five defendants or the conduct identified in the 10 local conspiracy claims became connected to each other into one global conspiracy connected by common actors, methods and goals.").

It may be that NEC never joined a conspiracy, that it joined a limited, bilateral conspiracy, or that it joined the full conspiracy alleged in Tweeter's complaint. Plaintiff's allegations need not establish which of these is correct; its allegations are sufficient to permit it to explore the question.

///

Accordingly, the Court DENIES NEC's motion to dismiss Tweeter's FAC. Docket No. 4524 in 07-1827; Docket No. 37 in 11-3856.

**IT IS SO ORDERED.**

Dated: February 23, 2012

SUSAN ILLSTON
United States District Judge