IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To:<br><br>*Compucom Systems Inc. v. AU Optronics Corp., et al.*, 3:11-cv-06241-SI<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. AU Optronics Corp., et al.*, 3:10-cv-05625-SI<br><br>*Interbond Corp. of America v. AU Optronics Corp., et al.*, 3:11-cv-03763-SI<br><br>*Neco Alliance LLC v. AU Optronics Corp., et al.*, 3:12-cv-01426-SI<br><br>*Office Depot, Inc. v. AU Optronics Corp., et al.*, 3:11-cv-02225-SI<br><br>*P.C. Richard & Son Long Island Corp., Marta Cooperative of America, ABC Appliance Co. v. AU Optronics Corp., et al.*, 3:11-cv-04119-SI<br><br>*Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, v. AU Optronics Corp., et al.*, 3:11-cv-03856-SI<br><br>*Tech Data Corp., et al. v. AU Optronics Corp., et al.*, 3:11-cv-05765-SI / | Nos. 3:11-cv-06241-SI; 3:10-cv-05625-SI;<br>3:11-cv-03763-SI; 3:12-cv-01426-SI;<br>3:11-cv-02225-SI; 3:11-cv-04119-SI;<br>3:11-cv-03856-SI; 3:11-cv-05765-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON DIRECT PURCHASER CLAIMS FOR WHICH THE PANEL WAS FIRST SOLD TO A THIRD PARTY MANUFACTURER** |

Currently before the Court is defendants' motion for summary judgment on several plaintiffs' direct purchaser claims, for which the panel was first sold to a third party manufacturer. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for September 12, 2014. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES defendants' motion.

## BACKGROUND

Defendants in this case allegedly participated in a wide-ranging price-fixing conspiracy regarding LCD panels and products. In some circumstances, defendants did not assemble the products themselves, but instead used "original design manufacturers" or "ODMs" for that function. In some instances the ODMs were unaffiliated with the defendants' companies. In some instances the ODMs not only assembled the finished products, but actually bought the panels from defendants.

Defendants move for summary judgment as to all claims based upon products for which an ODM first purchased the panel, and they argue that these comprise approximately 15% of plaintiffs' total purchases.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show

2

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

Defendants move for summary judgment as to all claims for which an ODM was the first purchaser, arguing that plaintiffs lack standing as to these products.

Defendants base their arguments upon reports commissioned from defense experts. *See* Declaration of Lee F. Berger ("Berger Decl."). Defense experts examined the supply chain for each of the most significant products: televisions, monitors, and laptops. *See id.* Ex. M. They concluded that approximately 31% of plaintiffs' large-panel purchases involved ODMs with no relationship to the conspiracy. *Id.* In examining this issue on summary judgment in the Track 1 cases, the Court found a genuine issue of material fact regarding whether the ODMs actually purchased panels from defendants, or instead were merely retained to assemble the finished products. *See* MDL Master Dkt. No. 7188 at 6, n.6. Defendants' experts now opine that approximately 47% of panels sent to ODMs were also sold to ODMs. *See* Berger Decl. Ex. M. Defendants then estimate that, based upon the figures provided by their experts, at least 15% of the televisions, monitors, and laptops for which plaintiffs claim direct damages derived from unaffiliated ODMs. It is as to this 15% of products that defendants seek summary judgment on the basis that plaintiffs lack standing.

3

Plaintiffs argue that defendants' evidence is insufficient for several reasons.[1] First, they contend that the defense experts based their analysis regarding whether an ODM was a direct purchaser upon whether the transactional data identified the ODM as a "bill to" entity. Second, plaintiffs argue that defendants have failed to establish that any of products plaintiffs purchased were manufactured by ODMs at all. Third, they contend that it is not clear from defendants' evidence whether the supply chain defense experts analyzed tracked sales data for finished goods sold in the United States. And fourth, they argue that defendants' evidence does not establish that the instances in which transactional data identifies an ODM as a "bill to" entity were related to conspirator-branded products.

The Court agrees with plaintiffs. Based upon the evidence now before the Court, it is impossible to say whether the ODMs were purchasers or mere assemblers of defendants' products. Additionally, defendants' evidence does not establish a link between the purportedly unaffiliated ODMs, and plaintiffs' purchases. Without these vital links, defendants' evidence is fatally lacking. *See* Fed. R. Civ. P 56(c)(1)(B) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ."). The Court finds that these issues present genuine disputes of material fact and therefore defendants' motion for summary judgment is DENIED.

//
//
//
//
//
//
//

---

[1] Plaintiffs further argue that the Court should deny defendants' motion because defendants did not inform plaintiffs that they intended to file this motion by January 29, 2014, as they were required to. Plaintiffs ask the Court to find that defendants have therefore waived this motion. However, defendants' motion raises a standing issue, which may be brought at any time, or even raised by the Court. *See, e.g.*, *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110 (2001). Therefore, the Court will not deny defendants' motion on this basis.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES defendants' motion for summary judgment. This Order resolves MDL Master Docket No. 9056.

**IT IS SO ORDERED.**

Dated: September 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE